**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA TOBAJIAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: CV 23-753-DMG (PDx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Upon review and consideration of Plaintiff Maria Tobajian's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement, including the Plaintiff's and Defendant Allstate Insurance Company's ("Defendant" or "Allstate") Settlement Agreement (the "Agreement") and all exhibits thereto, and the arguments of counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

**Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Agreement.

**Jurisdiction.** The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff, Defendant, and all Settlement Class Members.

**Scope of Settlement.** The Agreement resolves all Released Claims against Allstate and each of its present and former divisions, parents, subsidiaries, affiliates, predecessors, successors, assigns, investors, and parents, any direct or indirect subsidiary of Allstate and each of their present and former divisions, parents, subsidiaries, affiliates, predecessors, successors, assigns, investors, and parent companies, and all of their present and former officers, directors, employees, agents, insurers, members, attorneys, advisors, consultants, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, brokers, distributors, representatives, predecessors, successors, and assigns of each of them.

**Preliminary Approval of Proposed Settlement.** The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Settlement is sufficiently fair, reasonable, and adequate, to be within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) with respect to the forms of notice of the material terms of the Settlement to Settlement Class Members for their consideration (Exhibits B, G, and E to the Agreement), that notice provides due and sufficient notice to Settlement Class Members and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice plan, the notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement.

**Class Certification for Settlement Purposes Only.** Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement only, the following Class:

All persons in California whose cellular telephone conversation on at least one outgoing call from the LDU Business Unit of Defendant was recorded by Defendant and/or its agent(s) without that person's consent within the Class Period (as defined below).  Excluded from the Class are:  (i) individuals who are or were during the Class Period officers or directors of Defendant in the Litigation or any of its respective Affiliates; (ii) the District Judge and any Magistrate Judge assigned to the case, their staff, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iii) all persons who file a timely and proper request to be excluded from the Class.

The Court makes the following determinations as to certification of the Class for settlement purposes only:

The Class is so numerous that joinder of all members is impracticable;

There are questions of law or fact common to the members of the Class;

Plaintiff's claims are typical of the claims of the other members of the Class;

Plaintiff is capable of fairly and adequately protecting the interests of the members of the Class, in connection with the Settlement Agreement;

Common questions of law and fact predominate over questions affecting only individual members of the Class;

The Class is ascertainable; and

Resolution of the Released Claims in this Litigation by way of a statewide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Class.

**Designation of Class Representatives.**  The Court appoints Plaintiff Maria Tobajian as the representative of the Class ("Class Representative") for the sole purpose of seeking a settlement of the Litigation.

**Designation of Class Counsel.**  Abbas Kazerounian, Ryan L. McBride, and Aryanna Young of the law firm Kazerouni Law Group, APC, are hereby designated as Class Counsel for the Class.

1    **Final Approval Hearing.**   A hearing regarding final approval of the

2    Settlement will be held at **10:00 a.m.** on **January 10, 2025** to determine, among

3    other things, whether to: (i) finally approve the Settlement as fair, reasonable, and

4    adequate; (ii) dismiss the Released Claims in the Litigation with prejudice pursuant

5    to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by

6    the Releases set forth in the Settlement Agreement; (iv) permanently bar and enjoin

7    Plaintiff and all Settlement Class Members who do not timely and properly exclude

8    themselves from the Class (including Settlement Class Members who never received

9    actual notice of the Settlement and who did not otherwise have knowledge of the

10   Settlement) and any person actually or purportedly acting on their behalf from filing,

11   commencing, prosecuting, maintaining, intervening in, or participating in (as parties,

12   class members or otherwise) any action in any jurisdiction based on or relating to

13   any of the Released Claims; (v) find that the Class Notice as given was the best

14   notice practicable under the circumstances, is due and sufficient notice to the Class,

15   and fully satisfies the requirements of due process and Federal Rule of Civil

16   Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii)

17   finally certify the Class; and (viii) approve requested Attorneys' Fees and Expenses

18   and the proposed Service Award to Plaintiff.

19   **Administrator.**  KCC Class Action Services, LLC is hereby appointed as the

20   Administrator and shall be required to perform all the duties of the Administrator as

21   set forth in the Agreement and this Order.

22

23   **Class Notice.**

24   a.    Subject to the Court's edits, the Court approves the Class Notice in the

25         Agreement, including the Email Notice attached as Exhibit G to the

26         Agreement, the Website Notice attached as Exhibit B to the Agreement,

27         and the Mail Notice attached as Exhibit E to the Agreement and the

28         manner of providing notice to Settlement Class Members described in

Section 6 of the Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this Litigation, the terms of the Agreement, and their right to object to the Settlement or exclude themselves from the Class. The Court further finds that the Class Notice is reasonable, constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process. The Court hereby directs Plaintiff, Defendant, and the Administrator to complete all aspects of the Class Notice no later than **July 22, 2024** ("Notice Date").

b.    Class Counsel will file with the Court by no later than **December 19, 2024**, which is at least ten (10) Days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

To the extent not already completed, Allstate shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than 10 calendar days before the Final Approval Hearing, counsel for Allstate shall file with the Court one or more declarations stating that Allstate has complied with its notice obligations under 28 U.S.C. § 1715.

**Exclusion from the Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Administrator, by first-class mail, postage prepaid, to the address provided in the Class Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than the Opt-Out Deadline of October 30, 2024 (which is 100 Days after the Notice Date).

a. To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name and address of the Settlement Class

Member requesting exclusion; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Class in the Litigation, such as "I hereby request that I be excluded from the proposed Class in the Tobajian Class Action." Persons must request exclusion individually, and mass or class opt-outs shall not be allowed.

Except for those potential Settlement Class Members who timely and properly file a Request for Exclusion, all Settlement Class Members will be deemed to be members of the Class for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

If more than 300 potential Settlement Class Members timely and validly opt out of the Settlement, then the Settlement may be deemed null and void upon notice by Allstate pursuant to Section 11.4 of the Agreement.

**Objections and Appearances.** Any Settlement Class Member who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than the Objection Deadline of October 30, 2024 (which is 100 Days from the Notice Date), as specified in the Class Notice and this Preliminary Approval Order. The written objection must be submitted to the Settlement Administrator, and mailed (with the requisite postmark) to Class Counsel and Defendant's Counsel, no later than the Objection Deadline (which is 100 Days from the Notice Date), at the following addresses:

Class Counsel
Abbas Kazerounian
Kazerouni Law Group, APC

245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626

*Counsel for Plaintiff and Class*

<u>Defendant's Counsel</u>
Peggy Dayton
Winston & Strawn LLP
333 South Grand Avenue
38th Floor
Los Angeles, CA 90071-1543

*Counsel for Defendant*

A valid written objection must include:  (a) the case name and number; (b) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for the objection; (d) evidence that the individual is a Settlement Class Member; and (e) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12 of the Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member submits to the Settlement Administrator a notice of intention to appear at

the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

**Service of Papers.** Defendant's Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendant's Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

**Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions in the Litigation as of January 12, 2024, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement; or (ii) the Agreement is terminated pursuant to its terms for any reason. In such event, and except as provided therein, the proposed Settlement and Agreement shall be null and void from its inception and Plaintiff and Defendant will be restored to their respective positions in the Litigation as of January 12, 2024, and Plaintiff and Defendant retain all of their pre-Settlement litigation rights and defenses, including Plaintiff's right to seek class certification and Defendant's right to oppose class certification in the Litigation, or in any other action, on all available grounds as if no Class had been certified. In such event, the terms and provisions of the Agreement will have no further force and effect with

respect to Plaintiff or Defendant and will not be used in the Litigation, or in any other proceeding for any purpose, and all communications and documents related to the Settlement, including the Agreement, the exhibits thereto, this Order, and any discussions or documents relating to the Settlement or the Agreement, will be subject to Federal Rule of Evidence 408 and be inadmissible in this Litigation or in any other proceeding. In such event, all Parties to the Litigation shall stand in the same position as if the Agreement had not been negotiated, made, or filed with the Court. The certification of the Class, if any, shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied, and all other applicable settlement, negotiation, and mediation privileges, and any judgment or order entered by the Court in accordance with the terms of the Agreement, will be treated as vacated, *nunc pro tunc*.

**Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

   a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

b.  any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

c.  any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

**Necessary Steps.**  The Court authorizes Plaintiff and Defendant to take all necessary and appropriate steps to implement the Agreement.

**Schedule of Future Events**.  Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **July 22, 2024** | Deadline for Class Notice to be provided in accordance with the Agreement and this Order [*30 Days after date of the Preliminary Approval order -- the Notice Date*] |
| **August 30, 2024** | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Case Contribution Award [40 Days from Notice Date] |
| **October 30, 2024** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) [*100 Days from the Notice Date*] |
| **October 30, 2024** | Deadline for Settlement Class Members to Submit a Claim Form [*100 Days from the Notice Date*] |
| **November 18, 2024** | Deadline for Administrator to Provide Class Counsel with Proof of Class Notice [*within 20 days of Claim Deadline*] |
| **November 18, 2024** | Deadline for Administrator to Identify the Number of Requests for Exclusion and Number of Claims Received [*within 10 days of Opt-Out and Objection Deadline*] |
| **December 30, 2024** | Allstate Shall File with the Court One or More Declarations Stating that Allstate has Complied with its CAFA Notice Obligations [at least *10 Days before Final Approval Hearing*] |

| January 10, 2025 at 10:00 a.m. | Final Approval Hearing [*Not earlier than 150 Days after Notice Date*] |
|---|---|

**IT IS SO ORDERED.**

DATED:  June 21, 2024

_____
DOLLY M. GEE
Chief United States District Judge