# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Tobajian, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CV No. 23-00753-DMG (PDx)<br><br>**ORDER GRANTING**<br>**FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING PLAINTIFF'S CLAIMS** |

This Court, having held a Final Approval Hearing on January 10, 2025, provided notice of that hearing in accordance with the Preliminary Approval Order, and considered all matters submitted to it in connection with the Final Approval Hearing, and finding no just reason for delay in entry of this Order Granting Final Approval of Class Action Settlement and Dismissing Plaintiff's Claims (the "Final Approval Order" or this "Order"), and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement filed on May 21, 2024 [Doc. # 40-2].

2. The Court has jurisdiction over the subject matter of the Litigation and over the Parties, including all Class Members with respect to the Class certified for settlement purposes, which is as follows:

> All persons in California whose cellular telephone conversation on at least one outgoing call from the LDU Business Unit of Defendant was recorded by Defendant and/or its agent(s) without that person's consent within the Class Period (as defined below).
>
> Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of Defendant or any of its respective Affiliates; (ii) the District Judge and any Magistrate Judge assigned to the case, their staff, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iii) all persons who file a timely and proper request to be excluded from the Class.

Doc. # 45 at 3.

3. The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Litigation and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after the parties negotiated over a period of months. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes only, that the Litigation satisfies all the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Specifically: (a) the Class is sufficiently numerous that joinder of all its members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiff are typical of the claims of the Class she seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class

1  Member; (f) the Class is ascertainable; and (g) a class action settlement is superior to the other
2  available methods for the fair and efficient adjudication of the controversy.
3    5.   The Court finally appoints Abbas Kazerounian, Ryan L. McBride, and Aryanna
4  Young of the law firm of Kazerouni Law Group, APC, as Class Counsel.
5    6.   The Court finally designates Plaintiff Maria Tobajian as the Class Representative.
6    7.   The Court makes the following findings and conclusions regarding notice to the
7  Class:
8    a.  The Class Notice was disseminated to persons in the Class in accordance
9       with the terms of the Settlement Agreement, and the Class Notice and its
10      dissemination were in compliance with the Court's Preliminary Approval
11      Order;
12   b.  The Class Notice: (i) constituted the best practicable notice under the
13      circumstances to Class Members, (ii) constituted notice that was
14      reasonably calculated, under the circumstances, to apprise Class Members
15      of the pendency of the Litigation, their right to object or to exclude
16      themselves from the proposed Settlement, and their right to appear at the
17      Final Approval Hearing, (iii) was reasonable and constituted due, adequate,
18      and sufficient individual notice to all persons entitled to be provided with
19      notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23,
20      the United States Constitution, the Rules of this Court, and any other
21      applicable law.
22   c.  The Court finds that Defendant has complied with its notice obligations
23      under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with
24      the proposed Settlement.

24   8.   The Court finally approves the Settlement as fair, reasonable, and adequate
25  pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement,
26  including all exhibits thereto, have been entered into in good faith and are hereby fully and finally
27  approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties
28  and the Class Members.

9. The Court approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement. The Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Relief, including a second payment, if feasible. Should any unclaimed funds be distributed, the Court hereby approves the National Consumer Law Center and the Center on Privacy and Technology at Georgetown Law as equal recipients of those unclaimed funds, after accounting for the costs of administering that distribution. This Court finds that *cy pres* distribution to these organizations would be suitable based upon the objectives of the underlying statute and the interests of the class members. *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011). In the event the *cy pres* distribution occurs, Class Counsel shall file a Status Report reporting the amount of unclaimed funds, the costs of administering the distribution, and the final amount ultimately distributed to each recipient.

10. By incorporating the Agreement and its terms herein, this Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

11. Class Counsel have moved pursuant to the Agreement, Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

   a. that the Settlement confers substantial benefits on the Settlement Class Members;
   b. that the value conferred on the Class is immediate and readily quantifiable;
   c. that within 30 days after the Effective Date, Settlement Class Members who have submitted valid Claim Forms will be mailed cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the California Invasion of Privacy Act;
   d. that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;
   e. that the Settlement was obtained as a direct result of Class Counsel's advocacy;

   f.  that the Settlement was reached following extensive negotiation between Class Counsel and Defendant's Counsel, and was negotiated in good faith and in the absence of collusion;

   g.  that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984);

   h.  that Class Counsel's hours spent on the case were reasonable.

12. Accordingly, Class Counsel are hereby awarded **$990,000.00** as a combined award for attorneys' fees and litigation expenses, comprised of **$976,594.04** in fees and **$13,405.96** in expenses, from the Settlement Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. The Court also finds that Class Counsels' hourly rates are reasonable.

13. The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of **$3,000.00** for her efforts in this case, which amount shall be paid to the Class Representative from the Settlement Fund in accordance with the terms of the Agreement.

14. The terms of the Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns. Dicheng Hu filed a timely and valid exclusion and therefore is not bound by the Final Approval Order or Judgment.

15. The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Order; and the Released Parties are fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged by the Releasing Persons from all Released Claims.

a. <u>Released Claims of Settlement Class</u>. As of the Effective Date, Releasing Persons, including Plaintiff and each Settlement Class Member, shall, by operation of the Final Approval Order, automatically be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Parties from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that accrued to each Releasing Person during the Class Period, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, at law or in equity, that were or could have been alleged in the Litigation based on the facts pleaded in the Complaint dated February 1, 2023 and/or any subsequent amended complaint filed in conjunction with the Court's approval of the Settlement, or that relate to, concern, arise from, or pertain in any way to Allstate's audio recording of telephone calls to a cellular telephone (the "Released Claims"). Released Claims shall include all such claims accruing during the Class Period, whether such claims are known or unknown, suspected or unsuspected, contingent or matured.

b. In connection with the foregoing Releases, Plaintiff and each Settlement Class Member shall be deemed, as of the entry of the Final Approval Order, to have waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the

        debtor or released party.

To the extent that anyone might argue that these principles of law are applicable, Plaintiff hereby agrees, and each Settlement Class Member is deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they may be found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Plaintiff recognizes, and each Settlement Class Member is deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order, they fully, finally, and forever settle and release any and all Released Claims covered by these Releases.

c. The Agreement and the Releases therein do not affect the rights of Settlement Class Members who submitted a Request for Exclusion from the Settlement Class in accordance with the requirements in Section 11 of the Agreement.

d. The administration and consummation of the Settlement as embodied in the Agreement shall remain under the authority of this Court. This Court retains jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement. This Court retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

e. Upon entry of the Judgment: (i) the Agreement shall be the exclusive remedy for all Settlement Class Members who do not submit a timely and proper Request for Exclusion; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any such Settlement Class Members; (iii) all such Settlement Class Members shall be permanently barred and enjoined from filing, commencing, prosecuting, maintaining (including claims or actions already filed), intervening in, defending, or participating in (as parties, class members or otherwise) any action in any jurisdiction based on, arising from or relating to any of the

Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; and (iv) all such Settlement Class Members shall be permanently barred and enjoined from organizing any Settlement Class Members who submit a Request for Exclusion, or soliciting the participation of any Settlement Class Members who submit a Request for Exclusion, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

    f.    Nothing in the Agreement and the Releases shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein. The Releases set forth herein are not intended to release any rights or duties of Plaintiff or Defendant arising out of the Agreement, including the express warranties and covenants contained herein.

16.    The Court dismisses all Released Claims, with prejudice, without costs to any Party, except as expressly provided for in the Agreement and this Order.

17.    Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order, nor any of its terms and provisions nor the Judgment to be entered pursuant to this Order, nor any of its terms and provisions, shall be:

    a.    offered by any person or received against any Released Party as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any Released Party; or

      b.    offered by any person or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party or any other wrongdoing by any Released Party; or

      c.    offered by any person or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

18. This Order, the Judgment to be entered pursuant to this Order, and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person to support a defense of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement.

20. This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry. In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Litigation or the Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

21. A Judgment will be entered forthwith.

DATED: January 14, 2025

                                                DOLLY M. GEE
                                      CHIEF UNITED STATES DISTRICT JUDGE